N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| STEWART SCHUMAN, ANDREW M. CLARK, HAROLD JOHNSON, CHARLES A. ECHOLS, RON MILLER, KEVIN R. STEVENSON, DENNY PROPP, JOHNNY SELBY, AND DANIEL ROE,<br><br>      Plaintiffs,<br><br>vs.<br><br>CHARLES PALMER, JASON SMITH, MARY BENSON, CCUSO ADMINISTRATION, DHS ADMINISTRATION, STATE OF IOWA, DEPARTMENT OF SOCIAL SERVICES, AND CCUSO MEDICAL STAFF<br><br>      Defendants. | No. 14-CV-4030-DEO<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

This matter is currently before the Court on Stewart Schuman's [hereinafter Mr. Schuman] 42 U.S.C. Section 1983 Complaint, Docket No. 1, Att. 2.[1] Also before the Court is Mr. Schuman's Motion to Proceed In Forma Paueris, Docket No.

---

[1] As will be discussed more below, the Complaint names of a variety of other Plaintiffs. However, this is clearly Mr. Schuman's Complaint and for clarity's sake the Court will refer to it as such.

1, Att. 1.[2] The Plaintiffs are involuntarily committed patients at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[3]

**II. IN FORMA PAUPERIS**

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs. 28 U.S.C. § 1915(a)(1). Prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing

---

[2] Mr. Schuman previously filed an application to proceed in forma pauperis in case 14-CV-4024-DEO. However, in that case, Mr. Schuman did not attach a Complaint to his Motion. Accordingly, that case was dismissed. See 14-CV-4024-DEO, Docket No. 2.

[3] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO,
  http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited May 28, 2014.

2

fees. Id. However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[4] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See <u>Kolocotronis v. Morgan</u>, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; <u>Youngberg v. Romeo</u>, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more considerate treatment than criminals whose conditions of confinement are designed to punish;" and <u>Michau v. Charleston County, S.C.</u>, 434 F.3d 725 (4th Cir. 2006), *cert. denied* <u>Michau v. Charleston County, S.C.</u>, 126 S. Ct. 2936 (2006), stating that:

---

[4] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited May 28, 2014.

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also Kansas v. Hendricks, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme).[5] Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner].[6] See ... Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

Id. at 727-28. (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit with the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and

---

[5] SVPA stands for Sexually Violent Predator Act.
[6] PLRA stands for Prison Litigation Reform Act.

court costs or give security therefor.[7] [8]  28 U.S.C. § 1915(a)(1).

Mr. Schuman has now filed an affidavit that substantially complies with the above rules.  Docket No. 1, Att. 1.  Accordingly, **the Clerk of Court shall file Mr. Schuman's Complaint.  No filing fee will be assessed.**

However, once any portion of a filing fee is waived, a court must dismiss the case if a Plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

### III. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than

---

[7] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

[8] Entitled to redress means that the plaintiff is entitled to relief or is entitled to a judgment in his or her favor.

5

formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." Id. at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' – that the pleader is entitled to relief." Id. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

**IV. ISSUE**

Mr. Schuman argues that the above named Defendants have refused to take care of a rash on his leg.[9]

**V. ANALYSIS**

    **A. Proper Defendants**

Mr. Schuman has named the State of Iowa, Iowa DHS Administration, CCUSO Administration, Iowa Department of Social Services, and CCUSO Medical Staff as a Defendants in

---

[9] In his Complaint, Mr. Schuman raises additional issues that are the subjects of other lawsuits before this Court, such as the ability of CCUSO patients to get dentures or the feeling among CCUSO patients that Mary Benson is an inadequate medical provider. (See, for example, Mead v. Palmer et al., 13-CV-4017-DEO, which discusses the issue of dentures at CCUSO.) However, Mr. Schuman has no personal nexus to those issues or lawsuits and cannot raise those issues on behalf of other patients.

7

his Complaint. Those entities are not individuals, rather, they are groups of state actors or government organizations. 42 U.S.C. § 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. In <u>Will v. Michigan Dept. of State Police</u>, the Supreme Court ruled "that a State is not a person within the meaning of § 1983." 491 U.S. 58, 63 (1989). Therefore, Mr. Schuman's § 1983 Complaint cannot proceed against the State of Iowa, Iowa DHS Administration, CCUSO Administration, Iowa Department of Social Services, and CCUSO Medical Staff because they are not "persons" under the law. Accordingly, those entities must be dismissed from this case as a matter of law.

**B. Representing Other Individuals**

The Complaint is signed by all above named Plaintiffs and discusses a number of broad concerns, such as access to dentures and Nurse Benson's qualifications. However, only Mr. Schuman filled out and filed an application to proceed in forma pauperis. More importantly, the only specific issue discussed by the Complaint is Mr. Schuman's rash. Outside of Mr. Schuman's rash, the Complaint merely lists general

concerns about CCUSO and names a long list of CCUSO patients as Plaintiffs. There is no nexus (or connection) in the Complaint between the listed Plaintiffs and the alleged wrongs committed by the listed Defendants.

As this Court has repeatedly recognized, pro se Complaints are not held to the same standard as Complaints filed by attorneys. However, the Complaint must still "articulate a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). Applying that standard, it is clear that Plaintiffs Mr. Clark, Mr. Johnson, Mr. Echols, Mr. Miller, Mr. Stevenson, Mr. Propp, Mr. Selby, and Mr. Roe have failed to state a claim upon which relief can be granted. Accordingly, they must be dismissed from this case.

As noted above, it seems to the Court that Mr. Schuman is attempting to bring a large case on behalf of other CCUSO patients. Mr. Schuman filed the application to proceed in forma pauperis, mailed the Complaint, and provided exhibits about his rash. He then added general complaints about CCUSO not providing dentures to other CCUSO patients and his concern that Ms. Benson is not qualified to treat CCUSO patients.

It is well settled that:

> the Constitution of the United States, in particular the First and Sixth Amendments, does not grant to [a litigant] the right to have an unlicensed layman represent them in Court proceedings." Turner v. American Bar Ass'n, 407 F. Supp. 451, 478 (N.D. Tex. 1975), affirmed, sub nom. Pilla v. American Bar Ass'n, 542 F.2d 56 (8th Cir. 1976); see also Guajardo v. Luna, 432 F.2d 1324, 1325 (5th Cir. 1970).

Cuellar v. Johnson, 174 F.3d 198 (5th Cir. 1999). Accordingly, only attorneys can represent other individuals in Court proceedings. As the 8th Circuit has repeatedly held:

> [W]e find respondent's claim to be without legal merit. [The Court has] rejected [] other cases involving the efforts of laymen to practice law and to the claims of certain litigants that they were entitled to be represented by laymen rather than by licensed lawyers. See Turner v. American Bar Ass'n, 407 F. Supp. 451, 480-81 (N.D. Tex. 1975), a multi-district decision, which was affirmed by this court as far as the Eighth Circuit was concerned in Pilla v. American Bar Ass'n, 542 F.2d 56 (8th Cir. 1976); See also United States v. Pilla, 550 F.2d 1085 (8th Cir. 1977)."

Matter of Green, 586 F.2d 1247, 1251, n. 5 (8th Cir. 1978).

Under that law, it is clear that, because Mr. Schuman is not an attorney, he cannot bring a large "class action" type case on behalf of other CCUSO patients. Mr. Schuman cannot

allege that the above named Defendants are denying dentures to other CCUSO patients and attempt to bring a case on their behalf. If CCUSO patients wish to bring claims, they need to file them on their own behalf. That is to say, a CCUSO patient (or any individual asking the Court for relief under 42 U.S.C. § 1983) must articulate the alleged wrong done to them, allege who (individually) did the wrong, and allege a possible solution the Court can provide. One lay person (non-attorney) cannot rely on another lay person to represent them in Court.[10] Accordingly, because Mr. Schuman cannot prosecute claims on behalf of other individuals, the general claims outlined in the Complaint, regarding dentures and Ms. Benson's qualifications, must be dismissed.

**C. Mr. Schuman's Rash**

The only remaining issue is Mr. Schuman's rash.

Courts apply the deliberate indifference standard in analyzing deficient medical care claims to cases brought by civilly committed individuals. See <u>Senty-Haugen v. Goodno</u>,

---

[10] Additionally, the Court notes that lay individuals who attempt to represent other individuals in Court may incur penalties or sanctions for engaging in the unauthorized practice of law.

11

462 F.3d 876, 889 (8th Cir. 2006), which applied the deliberate indifference standard to a medical-care claim raised by a patient involuntarily committed as a sexually violent predator under the 14th Amendment. See also Scott v. Benson, 742 F.3d 335, 339 (8th Cir. 2014), stating, "where a patient's Fourteenth Amendment claim is for constitutionally deficient medical care, we apply the deliberate indifference standard from the Eighth Amendment. Senty-Haugen, 462 F.3d at 889-90."

Under the deliberate indifference standard, the Plaintiffs must show the Defendants were deliberately indifferent to a serious illness or injury. Senty-Haugen, 462 F.3d at 889. A successful deliberate indifference claim is comprised of both an objective and a subjective element. Farmer v. Brennan, 511 U.S. 825, 834 (1994). First, the Plaintiffs must demonstrate that, objectively, the deprivation he suffered was "sufficiently serious; that is, it must result in the denial of the minimal civilized measure of life's necessities." Walker v. Benjamin, 293 F.3d 1030, 1037 (7th Cir. 2002). In the medical care context, this objective element is satisfied when a plaintiff demonstrates that his

medical need itself was sufficiently serious. <u>Gutierrez v. Peters</u>, 111 F.3d 1364, 1369 (7th Cir. 1997). Second, the Plaintiffs must establish that the Defendants acted with a "'sufficiently culpable state of mind'" to support liability under § 1983. <u>Greeno v. Daley</u>, 414 F.3d 645, 653 (7th Cir. 2005).

In his Complaint, Mr. Schuman states that he developed a rash in February. He saw Nurse Benson for the rash and requested that he be sent to the doctor. Mr. Schuman states that Nurse Benson never referred him to the doctor. Nurse Benson's failure to refer him to the doctor is the basis for his present claim.

As stated above, the deliberate indifference standard requires a two part analysis. First, the Court must consider whether the complaint comprises a serious medical need; and second, the Court must consider whether the Defendant acted with a sufficiently culpable state of mind. In this case, Mr. Schuman's allegation fails to meet that burden.

Mr. Schuman alleges that he had a rash in February and that Nurse Benson refused to send him to the doctor. However, the Complaint fails to articulate if Mr. Schuman still suffers

from a rash or if the rash subsequently healed. The Complaint does not otherwise state how a rash in February comprises a serious medical need nor does the Complaint state if Mr. Schuman suffered any ill-consequence when Nurse Benson treated the rash herself without sending Mr. Schuman to the doctor. Accordingly, Mr. Schuman has failed to state a medical claim under the deliberate indifference standard and his case must be dismissed.

**VI. CONCLUSION**

Mr. Schuman's Motion(s) to Proceed In Forma Pauperis, Dockets No. 1 and Docket No. 1, Att. 1, are GRANTED. The Clerk of Court is directed to file the Plaintiffs' Complaint. However, after conducting an initial review, the Court is persuaded that the Complaint must be DISMISSED as set out above.[11] The Clerk of Court shall send a copy of this Order to Assistant Iowa Attorney General Gretchen Kraemer, Department of Justice, Regents and Human Services Division, Hoover Building, Des Moines, Iowa 50319-0109.

---

[11] The dismissal as to Mr. Schuman's medical claim is without prejudice to refiling. If Mr. Schuman wishes to refile this case in the future, he should do so in compliance with this Order and set out how his rash constitutes a serious medical need.

14

**IT IS SO ORDERED** this 30th day of May, 2014.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa